**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jovo Vargas NUNEZ, Defendant–Appellant.**

No. 12–4054.

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 22, 2012.

Decided: Aug. 24, 2012.

Tony E. Rollman, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jovo Vargas Nunez pled guilty pursuant to a written plea agreement to Count 1, conspiracy to distribute and possess with intent to distribute cocaine. After the district court granted Nunez a two-level downward variance, it sentenced him to 132 months of imprisonment, the middle of his correctly calculated advisory sentencing range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by increasing Nunez's base offense level by two for possession of a firearm during the course of the conspiracy under *U.S. Sentencing Guidelines Manual* ("USSG") § 2D1.1(b)(1) (2011). Although informed of his right to do so, Nunez has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir.2008). Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consid-

er the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. *Gall*, 552 U.S. at 51, 128 S.Ct. 586. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir.2009). Here, we discern no basis to conclude that Nunez's within-Guidelines sentence was either procedurally or substantively unreasonable. *See United States v. Powell*, 650 F.3d 388, 395 (4th Cir.) (noting this court presumes sentence within applicable Guidelines range to be reasonable), *cert. denied*, — U.S. —, 132 S.Ct. 350, 181 L.Ed.2d 220 (2011).

■ Although counsel suggests that Nunez's offense level should not have been increased two levels pursuant to USSG § 2D1.1(b)(1), we conclude the enhancement was appropriate. As indicated in the presentence report adopted by the district court, although Nunez did not necessarily possess a weapon himself, it was foreseeable to him that his co-conspirators would do so during the commission of the crime. *See* USSG § 2D1.1(b)(1), comment. (n.3(A)) (noting that the "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"). Here, there was wiretap evidence that weapons were used to collect a drug debt and co-conspirators, both above and below Nunez in the conspiracy, possessed weapons. Whether a district court properly applied a USSG § 2D1.1(b)(1) enhancement is reviewed for clear error, *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir.2001), and we find none.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Nunez's conviction and sentence. This court requires that counsel inform Nunez, in writing, of the right to petition the Supreme Court of the United States for further review. If Nunez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nunez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*